IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

MONIQUE SMITH,

        Petitioner,

v.

JOE COAKLEY, Warden,

        Respondent.

Civil No.: 3:19-CV-11
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 28, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Middle District of Tennessee. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[1]

#### A.   Conviction and Sentence

On August 16, 2012, in the United States District Court for the Middle District of

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:11-CR-194 in the United States District Court for the Middle District of Tennessee, available on PACER. Unless otherwise noted, the ECF entries in Sections II.A., and II.B. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

Tennessee, a third superseding indictment[2] was returned against Petitioner in Case No. 3:11-CR-194.  ECF No. 589.  Petitioner was charged with the following drug trafficking offenses along with other members of the Vice Lords gang: in Count 1, conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine and a quantity of cocaine and marijuana; in Counts 30, 36, 42, and 43, possession with intent to distribute and distribution of a mixture or substance containing a detectable amount of cocaine base (crack cocaine); in Count 32, being a felon in possession of a firearm; and in Count 33, possession of a firearm in furtherance of drug trafficking crime.

On October 15, 2012, Petitioner was convicted by a jury of Counts 1, 30, 32, 33, 36, and 43.  ECF No. 863.  On February 14, 2013, Petitioner was sentenced to life plus 60 months of imprisonment to be served consecutively to the life sentence.  ECF No. 1125 at 3.

**B.    Appeal**

Petitioner by counsel filed an appeal with the Sixth Circuit Court of Appeals, on February 20, 2013, which was docketed in that court's docket as 13-5258.  ECF No. 1168.  Subsequently, Petitioner filed two pro se notices of appeal in that court's docket numbers 13-5259 and 13-5274, which latter two appeals were dismissed as duplicative.  Id.  By order entered April 30, 2014, the Sixth Circuit affirmed the judgment of the district court.  ECF No. 1829.  The Supreme Court denied certiorari on January 20, 2015.  ECF No. 1898.

---

[2] The third superseding indictment charged Petitioner and seven co-defendants. A total of seventeen defendants were charged in the case.

C.     **Motion to Vacate**[3]

On May 29, 2014, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court, in a new civil action.  ECF No. 1. The district court denied both Petitioner's motion to vacate and his request for a certificate of appealability on October 23, 2014.  ECF No. 17.

D.     **Attempts to File a Second or Successive Motion Under § 2255**

Subsequently, Petitioner sought permission from the Sixth Circuit to file a second or successive motion to vacate, set aside or correct his sentence, in that court's docket number 17-5133, on the ground that his sentence was "invalid in light of *Johnson v. United States*, 135 S.Ct.2551 (2015)". 6th Cir. 17-5133, ECF No. 11-2 at 1.  On July 26, 2017, the Sixth Circuit denied Petitioner's application for authorization to file a second or successive § 2255 motion, on the ground that Petitioner claims do not rely on either "newly discovered evidence sufficient to establish that no reasonable factfinder would have found him guilty of the charged offenses", or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  6th Cir. 17-5133, ECF No. 11-2 at 2.

E.     **Instant § 2241 Petition**

Petitioner now challenges his conviction on the grounds that he was denied due process of law and is actually innocent of the crimes of his conviction.  ECF Nos. 8 at 1, 9; 8-1 at 2, 8.  However, neither the petition nor the memorandum attached thereto explain why Petitioner believes he is actually innocent of those crimes.  The memorandum is

---

[3] The facts are taken from the Petitioner's civil Case No. 3:14-CV-1248 in the United States District Court for the Middle District of Tennessee, available on PACER.  Unless otherwise noted, the ECF entries in Section II.C. refer to that civil case.

unintelligible in some of its arguments ("Petitioner now corporating [sic] all arguments from issues set forth sep[a]rately in opening brief describing substantive and procedural violation committed against petitioner during the [litigat]ing process which is the result of ineffective assistance of counsel by way of prosecutorial misconduct in violation of the Local-Rules (American Bar Ass.). (Actual Innocent).")  ECF No. 8-1 at 8.  However, throughout his petition and memorandum, Petitioner uses the phrase "actual innocent" at least seven times, without once providing context or facts to support a claim of actual innocence.  Finally, Petitioner appears to cite to "Brady v. Maryland" and "United States v. Bagley" to support his due process and actual innocence arguments. ECF No. 8-1 at 2-3.

Among other requested relief, Petitioner asks that this Court find "the process and judg[ment] void and reverse and remand for further proceedings". ECF No. 8 at 9. Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because he "never argue[d] actual innocent in his original 2255." Id.

On November 22, 2019, Petitioner filed a motion to amend or correct his petition, which motion was granted on November 25, 2019.  ECF Nos. 12, 13.  Service of the order was accepted on November 27, 2019, but Petitioner has not filed any further pleading or amendment to his petition.  ECF No. 14.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged

with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

### A.     Petitioner's Challenge to his Conviction

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

a.     The date on which the judgment of conviction becomes final;
b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner's two grounds for relief are that he was denied due process and he is actually innocent under the post-Booker,[7] advisory Guidelines. ECF Nos. 8; 8-1.[8] Because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

As to conviction in the instant case, even if Petitioner satisfied the first and the third prongs of Jones, the crimes for which Petitioner was convicted – conspiracy to distribute and possess with intent to distribute crack cocaine, cocaine, and marijuana; possession with intent to distribute and distribution of a mixture or substance containing a cocaine base (crack cocaine); being a felon in possession of a firearm; and possession of a firearm in furtherance of drug trafficking crime – remain a criminal offenses. Therefore, Petitioner

---

[7] United States v. Booker, 543 U.S. 220 (2005).

[8] It appears that Petitioner does not challenge his sentence in his petition and memorandum. ECF Nos. 8; 8-1. Therefore, the undersigned will not apply the Wheeler analysis to Petitioner's case.

8

cannot satisfy the second prong of Jones. Consequently, because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

      The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

      DATED:    March 16, 2020

                                      /s/ *Robert W. Trumble*
                                      ROBERT W. TRUMBLE
                                      UNITED STATES MAGISTRATE JUDGE